1  RONALD DEAN, SBN 47663
   e-mail: rdean@74erisa.com
2  1155 Via de la Paz
   Pacific Palisades, CA 90272-2508
3  (310) 459-1636
   Fax: (310) 459-6224
4

5  Attorney for Plaintiff Leah Michelle Burton

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11

12 | LEAH MICHELLE BURTON,            ) NO. 5:22-cv-944
                                      )
13 |         Plaintiff,                ) **COMPLAINT FOR LONG-TERM**
                                      ) **DISABILITY INSURANCE**
14 |   -vs-                            ) **BENEFITS UNDER ERISA**
                                      ) **§502(a)(1)(B)**
15 |                                   )
16 | CIGNA INSURANCE COMPANY;         )
     LIFE INSURANCE COMPANY OF        )
17 | NORTH AMERICA; NEW YORK          )
     LIFE; ALTAMED HEALTH             )
18 | INSURANCE SERVICES               )
     CORPORATION LONG-TERM            )
19 | DISABILITY PLAN;                 )
                                      )
20 |         Defendants.               )
21 |_____)

22

23                    **Jurisdiction and Venue**

24     1. This action is brought under 29 U.S.C. §§ 1132(a), (e) and (f), §§ 502(a), (e)

25 and (f) of the Employee Retirement Income Security Act of 1974, as amended

26 (hereinafter "ERISA").

27     2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial

28 district, thus venue is proper here pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. §

                                    1

1391(b)(2).

## The Parties

3. At all times relevant, Plaintiff Leah Michelle Burton ("Burton") was a resident of the County of Los Angeles, California. Before becoming disabled, Burton had been employed for eight years by Altamed Health Services Corporation ("Altamed"), Los Angeles County, California.

4. At all times relevant, Defendants CIGNA Insurance Company, Life Insurance Company of North America, and New York Life ("Insurers") were the insurers and claims administrator for the Defendant Altamed Long-Term Disability Plan ("Plan"), which is an ERISA welfare benefit plan as that term is defined in 29 U.S.C. § 1002(1).

5. Plan provides that in the event an employee becomes disabled the Plan will pay monthly payments to that employee as long as she qualifies for benefits under the Plan.

## First Claim for Relief

## Burton's Claim for Relief Against the STD Plan

## ERISA §502(a)(1)(B)

6. Burton was the Director of Development for Altamed until she became totally disabled as Plan defined on or before June 10, 2016. As such, Burton was a participant in the Defendant Plan.

7. Burton's fibromyalgia continued to worsen during the first half of 2016. After eight years of excellent performance, her work became substandard and her ability to focus declined dramatically. She became easily fatigued, forgetful and she suffered from disabling joint pain.

8. Burton left work and applied for short-term disability benefits under the STD Plan and later Long Term Disability benefits. Those benefits were denied by Defendants claiming that the evidence was insufficient to support disability under the plan document.

9. Burton twice appealed the Insurer's denial. On November 30, 2017, Burton exhausted all administrative remedies available to her and filed suit in this Court on May 2, 2018.

10. Following Defendants' termination of benefits, Burton returned to work on a part-time basis and so notified Defendants.

11. On September 28, 2018, Defendants agreed to retroactively reinstate Burton's long-term disability benefits with appropriate adjustments for her income for her part-time work.

12. Six months later, Defendants again terminated Burton's benefits but on Burton's appeal, on November 18, 2019 reinstated those benefits retroactively.

13. On May 7, 2021, Defendants again terminated Burton's benefits. Burton appealed that denial and on May 17, 2022, Defendants finally denied her appeal. Burton has exhausted all administrative remedies available to her.

14. Defendants' decision to deny Burton further Long-Term Disability benefits was wrongful, unreasonable, contrary to the provisions of the Plan, and contrary to law.

15. As a direct and proximate result of Defendant's refusal to pay such benefits to Burton, Burton has been damaged in the loss of said benefits from May 7, 2021, with interest thereon.

16. As a further direct and proximate result of the denial of benefits, Burton has been required to incur attorney fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

17. A controversy now exists between the parties as to whether Burton is entitled to Long-Term Disability benefits under the LTD Plan. Burton seeks the declaration of this Court that she is entitled to such benefits.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. A declaration of this Court that Burton is entitled to long-term disability benefits in dispute from May 17, 2021 and continuing;

3

2. For interest thereon, and for recovery of Defendant's profits resulting from its unjust enrichment pursuant to 29 U.S.C. §1132(a)(3), ERISA §502(a)(3);

3. For reasonable attorney fees incurred in this action; and

4. For such other and further relief as this Court deems just and proper.

Dated: June 6, 2022

*/s/ Ronald Dean*
RONALD DEAN
Attorney for Plaintiff
Leah Michelle Burton

4